DA 12-0230

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 229N

IN THE MATTER OF:

N.H.,

    A Youth in Need of Care.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DN 09-04
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Elizabeth Thomas, Attorney at Law, Missoula, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General, Helena, Montana

        Scott J. Pederson, Assistant Attorney General, Billings, Montana

Submitted on Briefs:  September 4, 2012

Decided:  October 16, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Father appeals the order of the Twenty-Second Judicial District Court, Carbon County, terminating his parental rights. We affirm.

¶3    Father entered into a treatment plan after authorities removed N.H. from the home of N.H.'s paternal aunt. The Department refused to allow N.H. to live with his biological mother or father due to previous reports and contacts between the Department and the biological parents.

¶4    Father and the Department stipulated to a youth in need of care status and to the Department's exercise of temporary legal custody. The Department placed N.H. in foster care in Billings. Father, represented by counsel, entered into a treatment plan that contained provisions that required him to complete a parenting class and have regular visits with N.H.

¶5    The treatment plan required father to travel from his home in Carbon County to Billings on a weekly basis. Father originally lived in Rockvale, but later moved to Joliet, a farther driving distance from Billings. Social workers warned father not to move a farther distance from Billings and thereby make his journey to Billings more difficult. The fact that father previously had lost his driving privileges complicated father's weekly trip to Billings. Father apparently could not afford to pay the fines that were required to have his driver's license reinstated. As a result, father had to rely upon family and friends to drive him to

2

Billings. Father routinely missed visits with N.H. in Billings. Father also completed a parenting class, but only with reservation. This outcome meant that father had attended 11 out of 12 classes, but had not participated actively.

¶6 The Department moved to terminate father's parental rights based upon his failure to complete the treatment plan. The District Court granted the State's motion to terminate the father's parental rights. The court cited father's failure to complete the treatment plan and the likelihood that father would not be able to change within a reasonable time the conditions that had caused him to need the treatment plan in the first place. Father appeals.

¶7 Father argues on appeal that it was unreasonable for the court to include the weekly visitation requirement in the treatment plan in light of father's transportation problems. The State points out that father knew of this treatment plan requirement, did not object to the requirement, and that he was represented by counsel at all times.

¶8 We review for an abuse of discretion a district court's order terminating parental rights. *In re R.M.T.*, 2011 MT 164, ¶ 26, 361 Mont. 159, 256 P.3d 935. We review a trial court's findings of fact regarding the statutory criteria for clear error. *R.M.T.*, ¶ 27. We review a district court's conclusions of law to determine whether the court interpreted the law correctly. *In re C.J.M.*, 2012 MT 137, ¶ 10, 365 Mont. 298, 280 P.3d 899.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the record and briefs before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law to these facts.

3

¶10    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT